UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RICHARD BISBANO, SR.,
                  Plaintiff,

v.                              C.A. No. 10-358ML

STRINE PRINTING CO., INC., and
MICHAEL STRINE, SR.,
                  Defendants.

MEMORANDUM AND ORDER

After entry of judgment in favor of Defendants, Defendants filed their bill of costs. On June 4, 2013, the Clerk taxed costs in the amount of $3,611.63 pursuant to DRI LR Cv 54(c). Plaintiff filed a timely Motion to Deny/Reduce the Clerk's taxation of costs. For the reasons set forth below, Plaintiff's motion is granted in part and denied in part.

I. Analysis

Prevailing parties may move for an award of costs pursuant to Fed. R. Civ. P. 54(d)(1). See Downeast Ventures, Ltd. v. Washington County, No. 05-87-BW, 2007 WL 3023019 (D. Me. Oct. 10, 2007). The categories of recoverable costs are set forth in 28 U.S.C. § 1920. See 28 U.S.C. § 1920. Plaintiff objects to the award of costs associated with printing/copying ($1,586.33) and removal ($350.00).[1]

---

[1] The costs associated with printing/copying also include the costs of Bates labeling of documents and "[t]ech [t]ime [d]ocument [f]ormatting." Defendants' Motion for an Award of Costs, Tab 2; Docket # 51-2 ("Tab 2"). Plaintiff does not challenge the award of costs for deposition transcripts.

A.  Removal Fee

Plaintiff contends that because Defendants voluntarily elected to remove this matter to Federal Court they should be prohibited from recovering the filing fee of $350.  "Courts routinely award prevailing parties removal costs, even though the decision to remove the case was voluntary."  Barker v. Washington National Insurance Co., Civil Action No. 9:12-cv-1901-PMD, 2013 WL 2297058, at *2 (D.S.C. May 24, 2013); see also Imperial Arrow Associated Services of Rhode Island v. Peerless Insurance Company, of Keene, N.H., No. Civ.A. 01-247-S, 2002 WL 32105766, at *2 (D.R.I. May 19, 2002) (a removal fee is a filing fee "well within the ambit of 28 U.S.C. § 1920(1)").  The Court will allow the filing fee.

B.  Printing/Copying Costs

Defendants contend that the copying costs are associated with documents produced in discovery.  Defendants argue that these costs represent the amount paid to an external vendor for a "larger copy job[] in which over 10,000 pages of copies collectively were made."  Defendants' Limited Objection to Plaintiff's Motion to Deny at 2; Docket # 59.  The cost of these copies ranged from $0.10 to $0.16 per page.[2]  Plaintiff contends that the copying was excessive and not reasonably necessary.

Under 28 U.S.C. § 1920(4), a district court may tax as costs copies of papers necessarily obtained for use in a case.  Piester v. International Business Machine Corp., 201 F.3d 428 (1st Cir. 1998) (per curiam) (unpublished).  The copies may be deemed necessary even if not used at trial.  Id.  The burden is on the party seeking to recover photocopying costs to show that they were necessary.  Pan American Grain Mfg. Co. v. Puerto Rico Ports Authority, 193 F.R.D. 26

---

[2] The record reflects that 95% of the copies were produced at a cost of $0.10 per page.  See Tab 2.

(D.P.R. 2000), aff'd, 295 F.3d 108 (1st Cir. 2002). "Although a prevailing party may not recover for general photocopying . . . photocopying costs attributable to discovery . . . are recoverable." In re Ruhland, ___ B.R. ___, 2013 WL 1969304, at *6 (Bankr. D. Mass 2013) (internal quotation marks and citation omitted); see also United States Equal Employment Opportunity Commission v. W&O, Inc., 213 F.3d 600 (11th Cir. 2000) (copies attributable to discovery are recoverable under 28 U.S.C. § 1920(4)); Jordan v. Vercoe, 966 F.2d 1452 (6th Cir. 1992) (unpublished) (28 U.S.C. § 1920 authorizes costs for photocopies attributable to discovery). Courts award photocopy costs at rates they determine to be reasonable. Bowling v. Hasbro, Inc., 582 F. Supp. 2d 192 (D.R.I. 2008) (finding $0.05 per page cost reasonable but noting that another court found that a $0.10 per page cost was also reasonable). The Court finds that the copying costs are necessary and reasonable. See generally id.; see also Harkins v. Riverboat Services, Inc., 286 F. Supp. 2d 976 (N.D. Ill. 2003) (per page copy cost between $0.10 and $0.20 is reasonable). Here, 95% of Defendants' copying cost was at $0.10 per page. The Court finds the amount requested reasonable and necessary.

### C. "Bates labeling"

Plaintiff objects to the award of $279.03 for Bates labeling the copies. The First Circuit has not addressed whether the cost associated with Bates labeling of documents is a recoverable cost under 28 U.S.C. § 1920. Those courts that have addressed this issue are divided. See Allen v. City of Chicago, No. 09 C 243, 2013 WL 1966363 (N.D. Ill. May 10, 2013) ($0.19 per page cost of copies, including Bates labeling, reflects a reasonable and necessary expense under 28 U.S.C. § 1920); Eberhart v. Novartis Pharmaceuticals Corp., 282 F.R.D. 697 (N.D. Ga. 2012) (recoverable); Amdocs (Israel) Ltd. v. Openet Telecom, Inc., No. 1:10cv910 (LMB/TRJ), 2013

WL 1192947 (E.D. Va. March 21, 2013) (noting that some courts find electronic Bates labeling is a recoverable cost); Cargill Inc. v. Progressive Dairy Solutions, Inc., No. CV-F-07-0349-LJO-SMS, 2008 WL 5135826 (E.D. Cal. December 8, 2008) (noting courts are divided on the issue but finding costs recoverable because party elected to require Bates labeling prior to producing documents in response to discovery); Durden v. Citicorp Trust Bank, FSB, No. 3:07-CV-974-J-34JRK, 2010 WL 2105921 (M.D. Fla. April 26, 2010 (not a recoverable cost under 28 U.S.C. § 1920 but noting some courts find the costs recoverable); Zenith Electronics Corp. v. WH-TV Broadcasting Corp., No. 01 C 4366, 2004 WL 1631676 (N.D. Ill. July 19, 2004) (not recoverable).  The Court finds this modest Bates labeling cost necessary and reasonable under the circumstances of the voluminous discovery production.

### D. "Tech Time Document Formatting"

Plaintiff objects to the award of $80 for tech time document formatting.[3]  Plaintiff argues that Defendants have failed to state the type of document formatting performed or the necessity of such formatting.  Defendants contend that the costs of conversion to an agreed upon production format are taxable as the functional equivalent of making copies.  The Court is unconvinced that these costs are taxable under 28 U.S.C. § 1920.

### II. Conclusion

Plaintiff's motion is granted with respect to the tech time document formatting cost. Plaintiff's motion is denied in all other respects.[4]

The Clerk is directed to tax costs in the amount of $3,531.63 (printing/copy – $1506.33;

---

[3] It appears that this is a type of formatting for documents produced electronically.

[4] The Court denies Plaintiff's motion to stay the taxation of costs.

deposition transcripts – $1,675.30; removal fee – $350.00).


SO ORDERED

/s/ Mary M. Lisi
Mary M. Lisi
Chief United States District Judge
June 26, 2013